May it please the court. Good morning. John Ballas on behalf of the appellant Tami Deanda. I'm intending to save about two minutes for rebuttal. There's two issues in this appeal. The first is whether the district court erred in applying a six level enhancement for manufacturing counterfeit currency. And then the second is whether her limited appeal waiver and her plea agreement bars this appeal. Starting with the first issue on the merits of the enhancement, we have two arguments on why the enhancement was erroneously applied. First is that the district court erroneously considered some of Deanda's own statements during the debriefing that she made in violation of the plea agreement and guideline 1B1.8. And second, that it was applied with insufficient evidence under either the clear and convincing or preponderance of the evidence standards. So if we accept your argument that the information that was provided was in violation of the plea agreement, what are you saying that voided the plea agreement? I think it voids the waiver of appeal. I mean the waiver? Yes. I think it should void the waiver of appeal and permit this appeal. How about if your client was the one who violated the plea agreement, would the waiver still be voided? No, because it would be voided against the opposing party, the party who violated it. I guess if the government, if it was a situation where the government wanted to appeal and she waived or she violated the plea agreement, then yes, I would agree with you. Well, why would it? Go ahead. I'm just trying to think that through. So the government contends that by arguing that Ms. DeAnna did not manufacture the counterfeit currency, she breached the plea agreement. And so then the government introduces the debriefing sessions, right? That's not a breach of the plea agreement. And I guess that they can now charge her with more serious crimes, right? Well, I don't see that as a breach of the plea agreement at all, because what happened was that at the sentencing, Ms. DeAnna didn't speak, but her attorney argued that the evidence was insufficient to support the enhancement. This is something that is done fairly common, and it's contemplated by Section 1B1.8, where a defense wants to give information to the government about the offense. And when you do that, you have to necessarily implicate yourself. The government wants you to be complete and truthful, and sometimes you have to admit to more serious conduct. I understand that. I'm just trying to understand what's the legal effect on that appellate waiver. And it would seem to me, regardless of whether the government breached or Ms. DeAnna breached, once the government introduced evidence of the debriefing, then the appellate waiver is nullified and voided. But it seems to you seem to suggest the opposite. No. I mean, I think I agree with you, at least in the context of this case. I don't know if necessarily every time a defendant was kind of arguing more in general does something to violate the plea agreement that you would necessarily void the appellate waiver in all circumstances. In this case, in the facts of this case, if DeAnna did – if – I find that – my argument is that there was no violation of the plea agreement. I understand that, but assume she did. If she did violate the plea agreement, then I think the government would have a right to oppose that, and then the appeal would be – should be dismissed if she violated the plea agreement. But she didn't violate the plea agreement here. But, counsel, if the plea agreement is violated, why would you just void the waiver? Why wouldn't the entire plea agreement be voided? Well, I think that would be the appropriate remedy in this case. I'm not – it would be to void the appellate waiver. That's what they would do. But why? If it's contract law, plea agreements are contracts. So if the contract is breached, then the entire contract is void. Why would you just pick out one provision of the contract and void that and keep the remainder of the contract intact? I don't think that it voids her plea to the account of possession. Just the agreement. I mean, the plea agreement. Why wouldn't the whole plea agreement be void? In this case, I'm not sure it makes much of a difference. All the other facts, all the other issues were kind of agreed upon by the parties. The one that was the really disputed one that went to the Court's – went to the Court's attention that we're objecting to here is the sixth-level enhancement for counterfeiting – manufacturing counterfeiting currency. So do you – I didn't bring the plea agreement with me. Did it have a severability clause? I don't believe it. I can look at it again while I'm waiting for my rebuttal, but I don't believe it does. Is it – do you have a concern that maybe we say you're right and then it gets remanded for resentencing and she could get a worse sentence than before because now the government will have an opportunity to present evidence of manufacturing? Well, there's a general principle against vindictiveness and resentencing when someone is successful on appeal. The government presented, essentially, its evidence through proffers within the plea agreement. If in resentencing the same evidence is presented again, the court would have to make a decision without her or Dan's own statement. But the premise of the question was if the government presents additional evidence. There are some – there are some circumstances where a person is subject to a higher sentence than resentencing if there's new facts or new circumstances that were known after the time of the appeal. So at some level, yes, but I think if it's just whether or not they provide additional evidence as whether the enhancement applies, then she cannot get a higher sentence because that's the same finding the court already made and it would be vindictive to resentence her to a higher sentence. Why would it be vindictive if new information is – additional information is presented to the district court? It's not vindictive if it was additional new information that the government did not know at the time of the sentencing. If, for example, if she committed some crime now and they wanted to present that to the court, then I think that's appropriate and that could lead to a higher sentence. She has finished her prison component and is now in a halfway house in Oakland. But if the government presents information on the enhancement that it had at the time of the offense and that was known to the government at the time of the offense, then it would violate the principle against vindictive resentencing. What case authority do you have to support the argument that the government cannot present additional evidence that it had at the time? What case says that? I'm not certain. I think North Carolina v. Pierce is a general principle against vindictiveness at resentencing, vindictiveness after an appeal. But that's different than the specific proposition you just argued, that the government cannot present additional information to support an enhancement if it already had the information before the original sentencing. Well, I do know that – I'm sorry, I don't have a case authority for you. I know I have looked at this in the past and that there is a general principle against vindictiveness at resentencing, and the government is allowed to bring new information, new evidence, but if it had information initially that it didn't present and then presents, it would violate the principle against vindictiveness. If we remand on an open record, that allows the district court to take any evidence. Yes. But the only evidence that I'm aware of the government would have would be basically the same evidence it had at the first time to support the enhancement. If the court finds the enhancement applied, the court should give the same sentence or lower. Well, let me ask you this. What do you think ought to happen on remand if there is a remand with respect to the plea agreement? Do you think it's still in full force in effect? The plea agreement, if you void the appellate waiver, I think the plea agreement should still be given effect. And the reason is, is if it's the government's, the one that has violated the plea agreement, you should – you should, by violating section 1B1.8, you should be able to put the defendant in the position, a specific performance where they didn't violate that, and essentially take out her statements from the court's reconsideration on remand on whether or not the enhancement applied. So they could look at other evidence on whether the enhancement applied, but not look at her own statement during debriefing. Okay. Do you want to – well, you've got nine seconds left. I'll save that nine seconds. Thank you. May it please the Court, Kyle Reardon for the United States. With leave of the Court and the Court's permission, I'd actually like to start my argument with its conclusion. And that is, even if this Court's de novo review finds that there was plain error as far as the issue of the appellate waiver goes, and the government does not concede that fact, and even if this Court's de novo review finds that Judge Shub applied the wrong standard in determining whether or not the defendant manufactured counterfeit and therefore applied a two-level enhancement to her offense level and the resulting guideline range, the government believes that regardless of the standard that applies, whether it's a preponderant standard or a clear and convincing standard, there was more than sufficient evidence in this record for Judge Shub to apply that enhancement. The enhancement is a two-level enhancement for manufacture and possession of   It's a two-level enhancement for the use of counterfeit goods and other items used in the counterfeiting process. When you say there's no, I'm sorry, you were first. When you say that there's sufficient evidence in this record, are you referring specifically to the evidence that was presented at the sentencing hearing? No, Your Honor. I'm referring to the evidence at the sentencing hearing as well as Ms. DeAnda's counterfeit, and her response was, yes, a little. The precise questions were, what part, if any, did you take in counterfeiting these bills? And the defendant's response was, very little. Well, did you do anything to help counterfeit the bills? The defendant replied, just a little. The judge then asked, okay, you knew they were counterfeit because what? You participated in the process. Is that right? A little. But that's not enough to say you participated in the process to meet the elements of manufacturing, though. Even applying a clear and convincing standard, the government believes that they are. The questions are, did you counterfeit, did you participate in the process? The enhancement is for manufacturing of counterfeit currency. The defendant is asked under oath, did you counterfeit? And she's not denying that. In fact, she's saying, yes, I did, a little. But that's, I'm having a problem, very little. What does that mean? It means more than no, I didn't do it. It means I participated in it. I did some, Your Honor. What quantum of that, who knows. In this case, there were a total of over $400,000 worth of counterfeit bills that were identified throughout the Central Valley. At the time of the search, in Ms. DeAnda's bedroom, were $1,800 in counterfeit currency. That's possession. That's not manufacturing, though. But that, if those are the bills she's talking about, that could very well be the little that she's referencing. How do we possibly know that, though? How do we possibly know that on this record? We couldn't. But what this record shows is that even if it's more than one, the enhancement should apply. She is saying that she participated in the process. She is saying that she manufactured. She told Judge Sudd that on her own. No, she didn't say she manufactured. She never used that term. She never said that. That's the problem. And he never asked specifically, did you participate in manufacturing the bills? He never asked her that specifically. He did ask her, did you do anything to help counterfeit the bills? The verb counterfeit is what the government's ---- To help. But you can help in a number of ways without actually engaging in manufacturing. I hid it under my bed. Why isn't that an equally plausible reading of the record, which would just be possession? Because I think on this record, again, we're focusing on that verb counterfeit, the active act of counterfeiting. To hide it under your bed is what happens after the money is made. And, again, it's the government's argument that on this record and during that Rule 11 change of plea hearing, she was being asked questions about the active process of counterfeiting, not her possession or not her holding of the money, but the actual manufacturing of the bills. Well, the judge could have made it clear by saying what specifically did you do that caused you to plead guilty. Tell me everything you did, and then we would have a clear record as to the extent of her involvement. But this record is not clear on that. Not to the extent that the Court desires. But, again, it's the government's position that this colloquy is sufficient and this information is sufficient. But that's not the only information that we have in this case, because, again, we have the PSR, which contains numerous facts to which the defendant did not object about what occurred in this case. There are statements of co-conspirators, which ---- But in the PSR, what specifically are you relying upon to support the manufacturing enhancement? There's a statement in paragraph 16 of the PSR from the confidential source that they saw Ms. DeAnda at Ms. Hayworth's house with the two other conspirators, Mr. Irons and Ms. Ratatick, making bills on the computer, washing currency, washing the $5 bills that would then be reprinted. There are statements from Mr. Irons and Ms. Ratatick at the time they were arrested that Ms. DeAnda was involved in the manufacture, both at Ms. Hayworth's house as well as at her own house. There's the ---- Weren't all those statements, though, contested by Ms. DeAnda? Those statements were not, Your Honor. The specific objection was that they were insufficient. But there was no objection to the specific facts of those statements. There was no objection to the fact that those statements were or were not true. It was a question about whether or not the compilation of those statements rose to the level necessary to apply the enhancement. Was there sufficient evidence in this record to support the two-level enhancement? Not Mr. Irons is lying, not the confidential source is lying, not Ms. Ratatick is lying. In addition, there are ---- Is it your position that information in the PSR that's not corroborated can be relied upon by the judge? It is my position that information in the PSR, if we're talking about hearsay statements, there needs to be some indicia or some sufficiency, some indicia of reliability in order for the judge to rely on those. I believe the case law in the circuit is such that if the defendant does not object to the statements contained in the PSR, then they can be relied on by the judge. And again, on this record and in this case, the objections were to a sufficiency of the evidence, not to the actual facts contained in the PSR. In addition, we have the evidence that was recovered during the search. The government would argue that that is corroboration for the hearsay statements that are contained in the PSR. We have the prior changes of plea by the co-defendants, which were taken in front of Judge Shove. There is, again, more than enough evidence in this record to support Judge Shove's application of the enhancement, which ---- and it's ---- I think it's important to note that it's not just an enhancement for manufacturing, but it's also manufacturing or possession of materials used in the manufacturing process. And in her plea agreement, Ms. DeAnda agreed to the facts that she had in her bedroom that $1,800 worth of counterfeit under the carpet, along with the papers and whatnot, the other things that were used in the counterfeiting process. This isn't just a question of the active act of manufacturing, which, again, as the government argued earlier, we believe there is sufficient evidence in the record to show that, and we believe that Ms. DeAnda admitted to that. But there is also the other prong of this specific offense characteristic, which is those materials that are used in the manufacturing process. And there was also evidence in the record of those materials being in Ms. DeAnda's possession at the time her house and her bedroom was searched. In addition, in this case, Judge Shove found that the computer that was used to manufacture the counterfeit was jointly possessed by all of the co-conspirators. It was in the house that Ms. DeAnda lived in. She had access. She had custody. She had control of it. And therefore, that was also another factor that Judge Shove considered in his sentencing and in his findings on this issue. Counsel, at the sentencing hearing, counsel for the defendant specifically challenged the statements that you referenced in the PSR. On ER 23, he said, those statements are vague, we haven't seen them, she has a twin sister, and they may have confused her twin sister. So those statements were not unchallenged. Again, Your Honor, the government believes that it's not a question of were those statements discussed at all, but it's our position that this argument that the defense counsel is making is one not that, again, that person is not telling the truth, but rather what they're saying is insufficient to rise to. He's saying that it's unreliable because they may have confused the defendant with her twin sister, and they're unreliable because they're vague and they haven't been provided to the defense for the defense to really determine whether or not they should be relied upon by the court. So they didn't – those statements were not unopposed. As a factual matter, they were provided to the defense because they were part of the discovery. But again, saying that they're vague is different than saying that they're wrong. Saying that they're vague is – But you did say that it's possibly wrong because there's a confusion element. I mean, it seems to me that's different from saying we agree with the statement, but it's not sufficient. They didn't agree with the premise. If the Court could repeat it, I was shuffling the pages. I didn't want you to hear what the last thing was. I mean, I think they were saying they didn't agree with the premise. There's one thing saying – the argument, you characterized their argument as saying we agree with the statement, but it's not sufficient. I don't think the record really says that. They disagreed with the premise. Again, it's the government's position that they disagreed with the conclusion, that their argument, and it's not an argument that's made in their sentencing memo, but it's made before the Court at sentencing, is that – But that's sufficient. It is sufficient, Your Honor. It's a – it's an argument that the CI or the co-conspirators were confused. They were – they misidentified the person. Because in this case, we do have the unique circumstance of our defendant having an exact twin sister. But it's not there wasn't someone who looked like the defendant manufacturing counterfeit. It's a question of they just misidentified the person. And again, that is different from an argument which is they got it wrong. My client didn't do it. But it's a different way of saying they got it wrong. Again, I think this fact and these facts are unique because of the fact that there is a twin sister and because of the fact that their argument is they identified the twin, they didn't identify my client. It's not they got it. It wasn't me. It wasn't. That's her argument. It wasn't her. They're saying the premise is untrue. I think their argument is what the government is putting forth is insufficient. The CI is identifying someone that looks like my client, but it's a twin. Not that, again, it's someone else. And again, I think this is a – Why is a twin not someone else? In the context of this case and this argument, because the issue is with the identification not with the person. And so they're saying they see someone that looks like the defendant at the computer or in the process of manufacturing. It's not that they got it wrong. And again, these are particularly unique facts, but I think in the context of this argument, it is an important distinction that needs to be drawn. And as I've said from the beginning, it's the government's position that this is not a challenge to whether or not someone saw someone that looks like the defendant at the computer. It's does that rise to a preponderance or a clear and convincing standard for application of this enhancement. You're over your time. Any further questions from the panel? Thank you. Thank you. I do have one question. Yes, ma'am. About the plea agreement waiver. Okay. What's your position on whether or not the government breached the plea agreement? Our position is that the government did not breach the plea agreement. We believe that the defendant's arguments to the district court, specifically her arguments about her level of involvement regarding manufacturing and the other components of the specific offense characteristics, violated the clause in the plea agreement which said that she could not provide knowingly false, misleading, or materially incomplete statements. And it's our position that a number of statements, as highlighted in our brief, were either false or misleading to the court. Well, if the defendant hadn't, in your view, breached the plea agreement, but the government did, would have breached the plea agreement. Yes, Your Honor. So if I understand your position, you concede that you breached it, but it was a provoked breach. We concede. You only breached the acquisition breach. I would like to retract my last answer and not say that I breached because my statements to the court were permitted under the plea agreement because of the fact that the defendant breached. And so, therefore, for me to offer evidence from the debriefing was permitted under the plea agreement because of this clause that requires the defendant to offer knowingly. But if we disagree with you regarding whether the defendant breached first, then you breached first, right? If the court finds that the defendant did not breach, then, yes, my offering of evidence would have been a breach of the plea agreement. Okay. Thank you very much. Thank you. We'll give you two minutes for rebuttal. You don't have to take all of it, though. I don't know if I could have done it in nine seconds, but I just want to make clear that the remedy we're seeking is to be able to be permitted to appeal and to vacate the sentence in remand for resentencing in specific performance of the plea agreement so that the government is not allowed to use her statements during the debriefing because of the plea agreement in 1B1.8. Thank you, counsel. Thank you. The case is certainly submitted. Thank you both for your arguments.
judges: Carney, Thomas, Rawlinson